UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
CLIFFORD D. JACKSON, III,            :     CASE NO. 1:11-CV-01841
                                     :
          Plaintiff,                 :
                                     :
vs.                                  :     OPINION & ORDER
                                     :     [Resolving Doc. No. 1]
S.R.T. OFFICER WILLIAMS, *et al.*,   :
                                     :
          Defendants.                :
                                     :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Clifford D. Jackson, III filed this action under 42 U.S.C. § 1983 against Cuyahoga County Jail S.R.T. Officer Williams, and Cuyahoga County Jail Mail Clerk Jane Doe. In the Complaint, Plaintiff alleges legal mail was opened out of his presence. He seeks to bring criminal charges against the Defendants and seeks an award of monetary damages.

**I. Background**

Plaintiff's Complaint is very brief. He contends he is an inmate in the Cuyahoga County Jail. He claims a piece of mail he received from this federal court was delivered to him by Officer Williams. He contends the mail was opened. He informed Officer Williams that the mail had been opened outside of his presence and he did not sign for it. He claims this is a violation of the jail's handbook as well as federal law.

## II. Legal Standard

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## III. Analysis

As an initial matter, Plaintiff fails to state a claim against Officer Williams. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was

personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Plaintiff alleges Officer Williams delivered a piece of legal mail which had been opened. There are no allegations in the Complaint which suggest this Defendant was personally involved in opening or reviewing Plaintiff's mail.

Read liberally, Plaintiff alleges the Mail Clerk opened and read his legal mail outside of his presence in violation of the First Amendment. Although inmates do retain the right under the First Amendment to receive mail, it is more limited in scope than the constitutional rights held by individuals in society at large. *Shaw v. Murphy*, 532 U.S. 223, 228-29 (2001); *Pell v. Procunier*, 417 U.S. 817, 822 (1974); *Procunier v. Martinez*, 416 U.S. 396, 404-405 (1974); *Turner v. Safley*, 482 U.S. 78, 84-85 (1987).

When considering an action that impacts an inmate's mail, a distinction is drawn between legal mail and non-legal mail. Legal mail is given much greater protection from unreasonable intrusion than non-legal mail. *See e.g.*, *Wolff v. McDonnell*, 418 U.S. 539, 577 (1974); *Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir.1996). Courts have heightened concerns with allowing prison officials unfettered discretion to open and read an inmate's "legal mail," because this correspondence impacts upon the attorney-client privilege, or the prisoner's right of access to the courts. *See Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir.1996). Mail that is legal in nature, therefore, may be opened and inspected for contraband by prison officials only in the prisoner's presence. *Id.*

Mail that is non-legal in character may be opened, inspected, and read by prison officials provided that the inspection is conducted pursuant to a policy to maintain prison security. *See*

-3-

*Sallier v. Brooks*, 343 F.3d 868, 874 (6th Cir.2003); *Lavado v. Keohane*, 992 F.2d 601, 607 (6th Cir.1993). *See Turner*, 482 U.S. at 92; *Young v. Weathersby*, No. 1:09-CV-67, 2010 WL 3909463, at * 8 (W.D.Mich. Sept. 15, 2010). Opening and inspecting of an inmate's non-legal correspondence aids prison authorities in preventing escape plans, inflammatory materials, or other contraband from getting to prisoners. *See Turner*, 482 U.S. at 92; *Young v. Weathersby*, No. 1:09-cv-67, 2010 WL 3909463, at * 8 (W.D.Mich. Sept. 15, 2010). All of those goals directly impact the safety and security of the prison staff and inmates.

In his Complaint, Plaintiff indicates a piece of mail from this federal court was opened outside of his presence before it was delivered to him. Although the letter was arguably legal in character, Plaintiff cites only a single instance in which his legal mail was opened. An isolated incident of inadvertent mail interference does not state a claim that rises to the level of constitutional magnitude. *See*, *e.g.*, *Reneer v. Sewell*, 975 F.2d 258, 260 (6th Cir.1992); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir.1990); *Stevenson v. Koskey*, 877 F.2d 1435, 1441 (9th Cir.1989); *Morgan v. Montanye*, 516 F.2d 1367, 1370-71 (2d Cir.1975); *Bach v. Illinois*, 504 F.2d 1100, 1102 (7th Cir.1974); *Searcy v. Culhane*, No. 09-CV-10174, 2009 WL 1864028, 7 (E.D. Mich. June 29, 2009). It therefore is not actionable under § 1983.

### IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

---

[1]   28 U.S.C. § 1915(a)(3) provides:

IT IS SO ORDERED.

Dated: December 16, 2011          *s/   James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.